## AUTO PAINTING & REPAIRING CO., Inc., v. WARE. *
### No. 14806.

Court of Appeal of Louisiana. Orleans.

March 18, 1935.

See, also (La. App.) 152 So. 113.

Maurice B. Gatlin, of New Orleans, for appellant.

Ed. J. de Verges, of New Orleans, for appellee.

LECHE, Judge.

Plaintiff sued defendant for $262 and secured judgment on May 6, 1933. On May 25 plaintiff proceeded to execute its judgment and seize the furniture and effects contained in the residence of defendant, No. 1018 State street. On November 10, 1933, defendant filed a motion suggesting to the court that the total amount of the judgment, including interest and costs, amounted to approximately $400, and that, to satisfy this judgment, the constable had seized and taken into his possession a Lincoln automobile valued at $500, as well as furniture and household goods valued at $6,000, and that, consequently, the seizure was grossly excessive. Whereupon the court appointed appraisers to appraise the property under seizure by the constable and to make a return according to law. The appraisement was made on the basis of what the property would bring under the conditions obtaining at the time at a forced sale and it amounted to the sum of $1,785.50. On November 16, 1933, defendant filed a motion suggesting to the court that the appraisement had been made and filed as ordered and that it showed the value of said property to be $1,785.50, or approximately three times the amount of the judgment. Whereupon the court ordered plaintiff, as well as the constable, to show cause why the constable should not release unto mover all of the property held under seizure by him except an amount thereof sufficient, as shown by the appraisement, to satisfy the amount due under the judgment. Defendant's rule was heard on November 16, 1933, and from a judgment dismissing same defendant has appealed to this court.

*Rehearing denied April 15, 1935.

The learned judge of the trial court assigned the following reasons for judgment:

"Considering the appraisement made by the officers appointed by this Court, under C. P. 652, it apparently appears from said appraisement that more property was seized by the constable of the First City Court and taken into his possession than could reasonably be thought necessary to discharge the judgment, plus the costs. But before this property can be sold under the fi. fa. issued herein, it must again be appraised in the manner pointed out in C. P. Art. 671, and under the provisions of that Article property cannot be sold for less than two-thirds of its appraised value. What the amount of this second appraisement will be the Court, at this time, has no knowledge. The Court, however, knows that at many execution sales presently made, there are few bidders and frequently no bidders at all. The ultimate result is that the property is not sold and must again be offered for sale at whatever prices it may bring. The Court, therefore, declines to. reduce the amount of the seizure."

The pertinent articles of the Code of Practice read as follows:

Article 652. "Nevertheless, if the debtor is of the opinion that the sheriff has seized more property than could reasonably be thought necessary to discharge the judgment and costs, he may, on application to the judge who issued the writ, demand that an appraisement be made of the property taken by the sheriff.

"And when several writs of fieri facias have issued to different parishes, defendant shall have a right to have a reduction of excessive seizure in the manner provided by special laws."

Article 653. "The judge, on application, shall order that an appraisement of the property seized be made by two competent persons, whom he shall name and swear for that purpose, and if he shall find, by the appraisement, that more property was taken than is necessary to satisfy the judgment, as has been directed above, he shall reduce the seizure to such an amount only as shall be sufficient for this purpose; provided, that unless such application be made before the day of sale, it shall in no case have the effect to prevent the sale on the day fixed by the advertisement."

It is the contention of the defendant that the trial judge is bound by the appraisement and that it is his mandatory duty, under the foregoing articles of the Code of Practice, to reduce the seizure to the amount of the judgment. She contends that the trial judge cannot substitute his discretion for that of the appraisers.

It is clear from the two articles of the Code of Practice above quoted that it is the mandatory duty of the judge, upon application, to order an appraisement of the seized property, and that there is no discretion vested in him in this respect. The appraisement, however, being ordered, made, and filed with the court, the trial judge is then in a position to determine the amount of the seized property necessary to *satisfy* the judgment. Article 653 of the Code of Practice reads, in part:

"If he shall *find*, by the appraisement, that more property was taken than is necessary to *satisfy* the judgment, as has been directed above, he shall reduce the seizure to such an amount only as shall be sufficient for this purpose." (Italics ours.)

It will be noted that this article does not make it the mandatory duty of the judge to reduce the seizure to the *amount* of the judgment, but only that, if he *finds* by the appraisement that more property was taken than is necessary to *satisfy* the judgment, he shall reduce the seizure to this amount. Now, an amount *equal* to the judgment and an amount necessary to *satisfy* the judgment are two entirely different matters, and in that difference lies the discretion of the trial judge. To *satisfy* the judgment means to pay it in full and, if the seizure was reduced to an amount *equal* to the amount of the judgment, it does not necessarily mean that this would be sufficient to *satisfy* the judgment, as the property may be sold for a great deal less. On the other hand, the appraised value of the seized property may be several times the amount of the judgment and still at a forced sale bring a sum insufficient to *satisfy* the judgment. The article of the Code of Practice was, no doubt, intended to prevent undue injury to the judgment debtor; nevertheless the tenor of the entire Code of Practice is to protect the judgment creditor. Otherwise judgments of a competent court would be vain and useless things. In determining the amount of property necessary to *satisfy* the judgment, the trial judge is bound to take into consideration the quality, quantity, and kind of property seized, the prevalent prices of same, and the general conditions prevailing at the time, and if, in his sound discretion, the property seized is more than is necessary to *satisfy* the judgment, it

is his duty to reduce the seizure to an amount necessary for satisfaction; and if, on the other hand, the seized property is, in his opinion, not more than necessary to *satisfy* the judgment, he need not reduce the seizure.

An analysis of the language of article 653, supra, shows that it is discretionary. It does not say that if the appraisement *is of a greater amount* than the judgment that it shall be reduced to the *amount* of the judgment. It says that if the judge shall *find* that more property was taken than necessary to "*satisfy*" the judgment he shall reduce the seizure. The word "*find*" implies discretion and, used as it is in this article in connection with the word *satisfy*, it is clearly discretionary.

In the absence of manifest error, or an abuse of discretion on the part of the trial court, neither of which is evident in this case, the judgment will not be disturbed on appeal.

For the reasons assigned the judgment appealed from is affirmed.

Affirmed.

WESTERFIELD, Judge.

I respectfully dissent.